**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MAKENZIE KOCH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VERKADA, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Verkada, Inc., (hereinafter, "Defendant"), by and through the undersigned counsel, removes this civil action filed in the 160th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully shows this Court as follows:

## I.   INTRODUCTION

1. On November 26, 2025, Plaintiff Makenzie Koch ("Plaintiff") filed a lawsuit against Defendant styled *Makenzie Kock v. Verkada, Inc.*, Cause No. DC-25-22083, in the 160th Judicial District of Dallas County (the "State Court Action"). The State Court Action asserts claims alleging sexual harassment, discrimination, and retaliation under Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Chapter 21 of the Texas Labor Code and, quid pro quo sexual harassment, hostile work environment, and negligent retention and supervision.

2. Defendant was served with the Petition in the State Court Action on January 13, 2026.

3. No other defendant is named in the Petition. Defendant has timely filed this Notice of Removal as required by 28 U.S.C. § 1446(b).

## II.   BASIS FOR REMOVAL

4.      This action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. §§ 1331 and 1332 (federal question and diversity). A party may seek to remove to federal court any civil action brought in a State court of which the district court of the United States has original jurisdiction.  28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction of all civil actions arising under the laws of the United States and where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. §§ 1331, 1332(a)(1); *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016). As discussed below, this case presents a federal question, the parties are completely diverse, and the amount in controversy exceeds $75,000.

## A.     Removal is Proper Based on Federal Question.

5.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff's lawsuit involves a federal question.  Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule, a determination as to whether a federal question exists depends upon the allegations of the Plaintiff's pleading.  *Medina v. Ramsey-Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).

6.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition alleges claims brought under a federal statute: Title VII (42 U.S.C. § 2000e-2(a)(1)). *See* Exhibit A-2.  Therefore, Plaintiff's claims arise under federal law.

7.      Therefore, this Court has original jurisdiction over this case and removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(a).

**B.      This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

8.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state law claims asserted by Plaintiff under the Texas Commission of Human Rights Act and Chapter 21 of the Texas Labor Code because Plaintiff's state law claims arise out of the same case or controversy as the allegations that fall within the original jurisdiction of this Court.  Courts have supplemental jurisdiction when all other claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  *See* 28 U.S.C. § 1367(a).

9.      Here, Plaintiff's state law claims arise out of the same facts and circumstances as Plaintiff's claims under Title VII.  *See* Ex. A-2.  Simply put, Plaintiff's claims involve the same facts, the same occurrences, and generally the same evidence regarding Plaintiff's employment with Defendant. As such, Plaintiff's state law claims under Chapter 21, quid pro quo sexual harassment, hostile work environment, and negligent retention and/or supervision are a part of the same case or controversy raised by Plaintiff's federal claims, establishing supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).

**C.      Diversity of Citizenship.**

10.      Complete Diversity of Citizenship Exists Between Plaintiff and Defendant. Plaintiff admits she is a resident of Texas.  (Petition ¶ 2.1). Accordingly, Plaintiff is a citizen of the State of Texas.

11.      Plaintiff further admits that Defendant is a foreign for-profit corporation authorized to do business in the State of Texas. (Petition ¶ 2.2). Defendant is incorporated in the state of Delaware and has its principal place of business in California.  "A corporation is a "citizen of every State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332.

12.     Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

13.     The Amount in Controversy Threshold Is Met.  A removing party can satisfy the amount in controversy requirement where it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, the Petition expressly states that "the amount in controversy exceeds $1,000,000.00." (Petition ¶ 3.3). The Petition further states that Plaintiff seeks to recover actual damages, exemplary damages, and attorneys' fee and costs. (Petition ¶ 7).

14.     Accordingly, because this action is wholly between citizens of different states and because the amount in controversy exceeds $75,000 exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Therefore, this action is removable pursuant to 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

15.     Venue is proper in the Northern District of Texas, Dallas Division, because the actions complained of in Plaintiff's Petition allegedly occurred in Dallas County, Texas. (Petition 3.2). Plaintiff initiated this action in Dallas County. 28 U.S.C. § 1441(a).

16.     Therefore, this Court has jurisdiction over this case and removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

### III.    PROCEDURAL STATEMENTS

17.     Venue is appropriate in this Court under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the State Court Action is pending.

18.     An index of all documents filed in the State Court Action is attached to this Notice of Removal as required by 28 U.S.C. § 1446(a).  *See* **Exhibit A**.

19.     All pleadings, processes, orders, and other filings in the State Court Action, including the docket, are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a). *See* **Exhibit A** (attachments).

20.     Defendant timely filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

21.     Defendant will promptly file a true and correct copy of this Notice of Removal with the Clerk of the 160th Judicial District Court of Dallas County, Texas, as required by 28 U.S.C. §1446(d).

22.     Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff as required by law.

23.     A completed Federal Civil Cover Sheet, with any supplements thereto, and the removal fee of $405.00 accompany this Notice of Removal.

24.     Upon filing of this Notice with the federal district court, Defendant will give notice of this filing to Plaintiff and will also file a copy of this Notice with the Clerk of the 160th District Court of Dallas County, Texas, where the action is currently pending.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that further proceedings in the case styled *Makenzie Kock v. Verkada, Inc.*, Cause No. DC-25-22083, in the 160th Judicial District of Dallas County, be discontinued, and that this suit be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

By: */s/ Avvennett Gezahan*
Avvennett Gezahan
Texas Bar No. 24099895
Avvennett.Gezahan@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2408

**ATTORNEYS FOR DEFENDANT
VERKADA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on February 12, 2026.

Frank Hill
Heather M. Castillo
Hill Gilstrap, P.C.
1400 Abram Street
Arlington, Texas 76013
fhill@hillgilstrap.com
hcastillo@hillgilstrap.com

*/s/ Avvennett Gezahan*
Avvennett Gezahan